UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY A. ROGERS,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL ASTRUE, Commissioner of<br>Social Security Administration,<br><br>        Defendant. | CASE NO.   **C06-5551RJB**<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for May 11, 2007 |

       This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court affirm the administration's final decision.

INTRODUCTION

       Plaintiff, Roy Rogers, was born in 1951 (Tr. 27). Mr. Rogers completed the ninth grade, but did not obtain a GED (Tr. 32). He has past work experience as a laborer, a security guard, a fisherman, a heavy equipment operator and a bartender (Tr. 32). Plaintiff testified that he had last worked in October of 2002.

       Plaintiff filed applications for disability insurance benefits and SSI disability benefits on January 17, 2003 (Tr. 96-98, 313, 314-316), alleging disability since October 15, 2002 (Tr. 96, 314). The medical evidence is primarily related to a lower back impairment with treatment records dating back to October of

REPORT AND RECOMMENDATION
Page - 1

1999, (Tr. 200-217, 234 – 235).  The only treatment records after his alleged onset date are the records from his treating physician Dr. Day, which cover the period of December of 2002 through April of 2005, (Tr. 245-258, and 294-321). The only other medical records are the consultative reports from the State Agency doctor, (Tr. 265-270).

After reviewing the record and considering testimony from Plaintiff and a vocational expert, on October 14, 2005, the Administrative Law Judge (ALJ) issued a decision denying the claimant disability benefits (Tr.11-22). In denying his claims, the ALJ completed the five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date (Tr. 15).  At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease of the lumbar spine and left shoulder bursitis (Tr. 18).  At step three, the ALJ found that Plaintiff's impairments did not meet or equal the requirements of a listed impairment (Tr. 18).  The ALJ further determined that Plaintiff had the residual functional capacity to sit or stand for 6 hours per 8 hour day when he could sit or stand at will, walk up to a quarter of a mile at a time, and lift up to 15 pounds occasionally (Tr. 19).  At step four, the ALJ found that Plaintiff was not able to perform his past relevant work (Tr. 19).  At step five, the ALJ found that, based on the above residual functional capacity, Plaintiff could perform work existing in significant numbers in the national economy; specifically noting the positions identified by the vocational expert: electronics assembler, sales counter clerk, and ticket taker (Tr. 20).

Mr. Rogers requested review of the ALJ's decision by the Appeals Council, but on August 24, 2006, the Appeals Council denied the Request for Review and determined that the ALJ's decision stands as the final decision of the Commissioner (Tr. 6-9).

Plaintiff filed his Complaint with the Court challenging the denial of his applications for benefits. Specifically, plaintiff contends: (1) the ALJ improperly evaluated Mr. Rogers' subjective pain complaints; (2) the ALJ failed to properly consider the opinion of Mr. Rogers' treating physician; (3) the ALJ's residual functional capacity finding is not properly supported by substantial evidence; and (4) the ALJ should not have relied on the testimony or opinion of the vocational expert.  Defendant counter-argues that the ALJ applied the proper legal standards and that the administrative findings and conclusions are properly

REPORT AND RECOMMENDATION
Page - 2

supported by substantial evidence.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

*A. THE ALJ PROPERLY ASSESSED THE MEDICAL OPINION/REPORTS OF DR. DAY*

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, Plaintiff claims the ALJ failed to properly consider and weigh the opinion of his treating physician, Dr. Day. Plaintiff argues, "Without explanation, the ALJ rejected the opinion of Dr. Day that the claimant was limited to sedentary work and adopted the opinion of the state agency doctor that he could perform light work." Plaintiff's Opening Brief at 10. The undersigned is not persuaded by Plaintiff's position.

REPORT AND RECOMMENDATION
Page - 3

1    The ALJ summarized Dr. Day's reports (Tr. 16-7) along with the other medical evidence and concluded Mr. Rogers suffered from degenerative disc disease of the lumbar spine (Tr. 21). The ALJ noted Dr. Day's reports included the following: on December 3, 2002, on his first visit to Dr. Day and based on Plaintiff's subjective complaints, Dr. Day limited him to sedentary with noted difficulty bending at his knees due to back pain; on July 23, 2003, Dr. Day examined Plaintiff who reported pain in the evening after being on his feet all day, but that light exercise and activity helped his discomfort; on April 15, 2005, Dr. Day found full range of motion and no muscle weakness, and she further opined that Mr. Rogers was limited to sedentary work (Tr. 303).

Taking Dr. Day's opinion in consideration, along with the medical opinions of medical consultants and plaintiff's credibility (discussed below), the ALJ found Plaintiff was capable of sitting or standing for six hours in an eight hour work day, with the option of alternating between a sitting or standing position at will. The ALJ also found Plaintiff capable of walking up to a quarter mile at a time and lifting up to 15 pounds occasionally. This residual functional capacity is consistent with Dr. Day's reports and the other medical evidence in the record. Dr. Day specifically encouraged Plaintiff to be more active and to attend physical therapy for conditioning and Plaintiff reported less discomfort with activity. The ALJ properly discounted Dr. Day's opinion that Plaintiff was limited to only sedentary work, when that opinion was based largely on Plaintiff's own complaints and symptoms and it is inconsistent with Dr. Day's evaluations and test results, i.e., Plaintiff's full range of motion, lack of muscle weakness. While Plaintiff argues the ALJ should have interpreted the medical evidence, including the opinion of Dr. Day differently, the undersigned finds the ALJ properly considered the medical evidence and made an interpretation that is supported by substantial evidence in the record as a whole.

B.    *THE ALJ PROPERLY WEIGHED MR. ROGERS' CREDIBILITY*

Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)). An ALJ may reject a claimant's subjective complaints, if the claimant is able to perform

REPORT AND RECOMMENDATION
Page - 4

household chores and other activities that involve many of the same physical tasks as a particular type of job. <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in <u>Fair v. Bowen</u>, *supra*, and <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically.

Here, plaintiff argues the ALJ improperly considered Mr. Rogers' testimony regarding his symptoms and limitations. The ALJ did not find Mr. Rogers' allegations of total disability credible. The ALJ addressed Plaintiff's testimony in the context of assessing Plaintiff's residual functional capacity, and wrote:

> In making this assessment, the undersigned must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. §404.1529 and §416.929, and Social Security Ruling 96-7p The undersigned must also consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations (20 CFC §§ 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-6p).
>
> While the claimant was generally credible, he seemed to exaggerate his pain complaints. The claimant has had no additional injuries since he left work and he was able to successfully perform at least medium level work in 2002. He testified that he could only walk an eighth of a mile, but he told Dr. Day that he walked a quarter mile every day on April 15, 2005. Dr. Day told the claimant to follow a program of regular, daily, aerobic exercise (exhibit 20F, p. 7.) The claimant is able to do his own shopping and cooking. He also does some yard work and housework. This level of activity is not consistent with the alleged limitations reported by the claimant.

Tr. 18-19.

After reviewing the ALJ's decision and the administrative record, it is clear the ALJ has provided sufficient reasons to discredit the Plaintiff's allegations of total disability. The medical evidence (discussed above) and cited to by the ALJ in the quote above, is inconsistent with Plaintiff's subjective complaints of total disability. Accordingly, the ALJ properly discredited plaintiff's testimony and provided clear and convincing reasons for doing so.

C. *SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S FINDING THAT MR. ROGERS IS ABLE TO PERFORM CERTAIN TYPES OF LIGHT WORK*

Plaintiff argues the ALJ erred when he considered Plaintiff's residual functional capacity ("RFC") and concluded that Plaintiff was capable of performing certain types of light work.

At step-five of the administrative process the burden of proof shifts to the Commissioner to

REPORT AND RECOMMENDATION
Page - 5

1  produce evidence of other jobs existing in significant numbers in the national economy that Plaintiff could
2  perform in light of his age, education, work experience, and residual functional capacity. *See* <u>Tackett v.</u>
3  <u>Apfel</u>,180 F.3d 1094,1099 (9th Cir. 1999); <u>Roberts v. Shalala</u>, 66 F.3d 179, 184 (9th Civ. 1995).  In
4  <u>Tackett</u>, the court noted "there are two ways for the Commissioner to meet the burden of showing that
5  there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the
6  testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt.
7  404, subpt. P, app. 2." <u>Id</u>.

8   Plaintiff's allegations that the ALJ erred when determined Plaintiff's RFC and concluded that he
9  was able to work as an electronics assembler, sales counter clerk, or ticket taker are without merit.
10 Plaintiff's arguments are premised on the argument that (i) the ALJ failed to properly consider the medical
11 evidence and (ii) the ALJ failed to properly credit Plaintiff's allegations regarding the severity of his
12 impairments.  As explained above, the ALJ did not err in his analysis of the medical evidence and Plaintiff's
13 credibility.

14  Plaintiff also argues the ALJ did not address limitations on stooping, crouching, kneeling, crawling
15 and climbing.   Plaintiff states, "Dr. Day and the State Agency doctor agree that Mr. Rogers has limitations
16 on stooping, crouching, kneeling, crawling and climbing." Plaintiff's Opening Brief at 12-13.  Defendants
17 claims Dr. Day's most recent records do not provide any such limitations and the ALJ properly relied on
18 those records when he did not include any limitations on stooping, crouching, kneeling, crawling and
19 climbing.

20  Most significantly, the failure of the ALJ to include the proposed limitations would not alter the
21 outcome.  "Postural limitations or restrictions related to such activities as climbing ladders, ropes, or
22 scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a
23 full range of unskilled sedentary work significantly because those activities are not usually required in
24 sedentary work." SSR 96-9p. Similarly, "[T]here are nonexertional limitations or restrictions which have
25 very little or no effect on the unskilled light occupational base. Examples are inability to ascend or descend
26 scaffolding, poles, and ropes; inability to crawl on hands and knees . . . ." SSR 83-14, available at 1983
27 WL 31254.  The jobs identified by the vocational expert in this matter do not involve climbing, balancing,
28 stooping, crouching, or crawling. *See* U.S. Dep't of Labor, Dictionary of Occupational Titles, WL DICOT

REPORT AND RECOMMENDATION
Page - 6

726.687-010, 249.366-010, & 211.467-030 (4th ed. 1991) (DOT). The ALJ is not obligated to accept all of a claimant's proposed limitations, as long as the ALJ's findings are supported by substantial evidence. See Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Accordingly, the ALJ properly questioned the Vocational Expert and relied on the testimony which supports the finding that Plaintiff retains the ability to do certain types of light work.

## CONCLUSION

Based on the foregoing discussion, the Court should affirm the Administration's final decision denying plaintiff's application for social security disability benefits. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 16, 2007**, as noted in the caption.

DATED this 27th day of April, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge