UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY A. ROGERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>　　　　Defendant. | CASE NO.　C06-5551RJB<br><br>ORDER |

This matter comes before the Court upon the Report and Recommendation of Judge J. Kelley Arnold, United States Magistrate Judge. Dkt. 15. The Court has considered the Report and Recommendation and the remaining record.

## I. **FACTS**

Plaintiff alleges that the Commissioner improperly denied him Social Security Income Disability Benefits. Dkt. 1. Plaintiff filed for benefits on January 17, 2003 (Tr. 96-98) alleging disability since October 15, 2002 (Tr. 96, 314). The procedural and factual history is recounted in the Report and Recommendation, and need not be repeated here. The Report and Recommendation, filed on April 27, 2007, recommends upholding the Commissioner's decision. Dkt. 15. No objections to the Report and Recommendation were filed.

## II. **DISCUSSION**

This Court must uphold the Commissioner's determination that the plaintiff is not disabled if the

ORDER
Page - 1

Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fife v. Heckler*, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Carr v. Sullivan*, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

The Commissioner of Social Security has established a five-step sequential evaluation process to determine whether a claimant is disabled. First, the Administrative Law Judge ("ALJ") will determine if the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520 (a)(4)(I). A claimant will be found not disabled if he is engaged in substantial gainful activity. 20 C.F.R. § 404.1520 (b). Second, the ALJ will determine the severity of the impairment. 20 C.F.R. § 404.1520 (a)(4)(ii). If the claimant does not have a severe impairment he is not disabled. 20 C.F.R. § 404.1520 (c). In order to have a severe impairment, a claimant must have any impairment or combination of impairments which significantly limits their physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520 (c). Third, the ALJ will examine the severity of the impairment or combination of impairments in order to determine if they meet or equal one of the listed impairments in the Listing of Impairments found at 20 C.F.R. Pt. 404, Subpt. P App. 1. 20 C.F.R. § 404.1520 (a)(4)(iii), 20 C.F.R. § 404.1520 (d). The ALJ will then determine whether the impairment or combination of impairments meets the duration requirement. 20 C.F.R. § 404.1520 (d). Fourth, the ALJ will assess the claimant's Residual Functional Capacity ("RFC") and past relevant work. 20 C.F.R. § 404.1520 (a)(4)(iv). If the ALJ determines that a claimant can perform his past relevant work, he is not disabled. *Id.* Lastly, the ALJ will assess the claimant's RFC, age, education, and work experience in order to determine if the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520 (a)(4)(v), 20 C.F.R. § 404.1520 (g).

Plaintiff assigns four errors to the ALJ's decision to deny him benefits: 1) the ALJ failed to properly assess his credibility, 2) the ALJ did not adequately consider his treating physician's opinion, 3) the ALJ did not accurately determine his RFC at step four of the sequential evaluation process, and 4) the

1  Commissioner failed to meet his burden at step five of the sequential evaluation process because the ALJ
2  did not ask the vocational expert a hypothetical question which included all his limitations, leaving the
3  vocational expert's testimony regarding other work Plaintiff could perform invalid. Dkts. 11 and 14. This
4  opinion will address the third argument, improper RFC assessment, and fourth argument, invalid vocational
5  expert testimony, together.

### A.   ALJ'S ASSESSMENT OF PLAINTIFF'S CREDIBILITY

The ALJ is responsible for determining credibility, resolving conflicts in the medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court does not engage in second guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

"'Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.'" *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (*quoting Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)(*enbanc*)). Accordingly, if the ALJ finds the "claimant's pain testimony not to be credible, the ALJ 'must specifically make findings that support this conclusion' and the findings 'must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony.'" *Id.* at 856-57. Where "there is no affirmative evidence that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the symptoms." *Id.* at 857 (*citing Reddick v. Charter*, 157 F.3d 715, 722 (9th Cir. 1998)).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid," as well as "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," and the claimant's daily activities. *Smolen v. Charter*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Id.*

Because the Plaintiff produced objective medical evidence that he suffers from conditions which

can reasonably be expected to produce pain or other symptoms, the ALJ was required to analyze the credibility of his testimony regarding the severity of his symptoms. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

As stated in the Report and Recommendation, the ALJ provided clear and convincing reasons for rejecting the claimant's testimony regarding the severity of his symptoms. The ALJ noted that Plaintiff had no additional injuries since he left work and was able to perform at least medium level work in 2002. Tr. 18. The ALJ noted that Plaintiff testified he could only walk an eighth of a mile, but the record indicated that Plaintiff told Dr. Day that he walked a quarter of a mile every day. *Id*. The ALJ observed that Dr. Day told Plaintiff to follow a program of regular, daily, aerobic exercise. *Id*. This recommendation from Plaintiff's treating doctor casts doubt on the extent of disabilities Plaintiff alleged. Lastly, the ALJ found that Plaintiff's reported activities of daily living, such as shopping, cooking, and some yard and housework, were inconsistent with his alleged limitations. *Id*. The ALJ did not err in his evaluation of Plaintiff's credibility.

### B. MEDICAL EVIDENCE ASSESSMENT

An ALJ may not reject a treating doctor's opinion without providing specific legitimate reasons supported by substantial evidence in the record, even if the opinion is contradicted by another doctor. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "'The ALJ can met this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (*quoting Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). "When it is an *examining* physician's opinion that the ALJ has rejected in reliance on the testimony of a non-examining advisor, reports of the non-examining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (declining the plaintiff's invitation to hold that a non-examining medical advisor's statements deserve little or no weight) (*emphasis in original*).

Here, Plaintiff argues that the ALJ failed to properly consider the opinion of his treating physician, Dr. Day, that he was limited to sedentary work. The ALJ found, based on the evidence in the record, that Plaintiff suffered from degenerative disc disease. Tr. 21. The ALJ properly reviewed all of Dr. Day's

ORDER
Page - 4

medical reports, noting that her opinion that Plaintiff was limited to sedentary work was based on Plaintiff's subjective complaints. Tr. 18-19. In light of the fact that the ALJ properly assessed Plaintiff's credibility, this was a specific legitimate reason to reject Dr. Day's opinion. The ALJ noted that Dr. Day encouraged Plaintiff to be more active and to participate in physical therapy. *Id*. The ALJ also observed that Dr. Day's opinion was inconsistent with her evaluations and test results. *Id*. Accordingly, the ALJ had specific and legitimate reasons to discount Dr. Day's opinion.

### C. RESIDUAL FUNCTIONAL CAPACITY AND THE VOCATIONAL EXPERT'S TESTIMONY

At the fourth step of the sequential evaluation process, the ALJ will assess the claimant's RFC and past relevant work. *See* 20 C.F.R. § 404.1520 (a)(4)(iv). An individual's RFC is what that individual can still do despite his or her limitations. Social Security Ruling ("SSR") 96-8p. The ALJ is responsible for determining a plaintiff's RFC. *Id*. The RFC assessment must be based on all of the relevant evidence in the record, such as "medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, evidence from attempts to work, need for a structured living environment, and work evaluations if available." *Id.*

The ALJ here properly evaluated the Plaintiff's RFC. Plaintiff argues that the ALJ did not adequately consider Dr. Day's opinion and did not properly credit his testimony regarding his limitations, and so did not accurately identify his RFC. As above, the ALJ properly considered the medical evidence in the record and properly assessed his credibility. Accordingly, the ALJ did not err in determining Plaintiff's RFC.

Plaintiff also argues that the ALJ failed to include limitations on stooping, crouching, kneeling, crawling and climbing in his RFC and in the hypothetical questions posed to the vocational expert.

Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the claimant. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). A vocational expert's testimony is only valuable to the extent that it is supported by medical evidence. *Id.* The vocational expert's opinion about a claimant's RFC has no evidentiary value if the assumptions in the hypothetical are not supported by the record. *Id.* An ALJ is free to accept or reject limitations as long as the decision to do so is supported by substantial evidence in the record. *See Id.* at 756-57.

The ALJ did not err when he concluded that Plaintiff was able to work as an electronics assembler, sales counter clerk, or ticket taker, positions identified by the vocational expert. Even if the all the additional limitations Plaintiff urges (stooping, crouching, kneeling, crawling and climbing) were included in his RFC and the hypothetical question to the vocational expert, no change in the result would occur. As stated in the Report and Recommendation, the "jobs identified by the vocational expert in this matter do not involve climbing, balancing, stooping, crouching, or crawling." Dkt. 15, at 6 (*citing U.S. Dep't of Labor, Dictionary of Occupational Titles, WL DICT* 726.687-010, 249.366-010 and 211.467-030 (4th ed. 1991)(DOT)). Accordingly, the Commissioner met his burden at stage five of the sequential evaluation process.

Here, the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. The Report and Recommendation should be adopted and the Commissioner's decision denying Plaintiff benefits should be affirmed.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

(1) The Court **ADOPTS** the Report and Recommendation (Dkt. 15);

(2) The administrative decision is **AFFIRMED**; and

(3) The Clerk is directed to send copies of this Order to Plaintiff's counsel, Defendant's counsel and Magistrate Judge J. Kelley Arnold.

DATED this 15th day of May, 2007.

Robert J. Bryan
United States District Judge

q

ORDER
Page - 6